**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 26-4966 |
| IGOR TOVSTANOVSKY and | ) | Chapter 11 |
| YELENA TOVSTANOVSKY, | ) | Hon. Daniel R. Fine |
| | ) | |
| *Debtors/Debtors-in-Possession.* | ) | |
| | ) | |

# NOTICE OF HEARING

TO: ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the **18th day of August**, **2026** at **10:00 a.m**. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Daniel R. Fine, Bankruptcy Judge, or before any other Judge who may be sitting in his place, either in courtroom 619 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the **Objection to Allowance of Claim Filed by Ford Motor Credit Company, LLC,** a copy of which is attached hereto and herewith served upon you.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person**.

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID. The meeting ID for this hearing is **161 414 7941**. No password required.

**To appear by telephone**, call Zoom for Government at (669) 254-5252 or (646) 828-7666. Then enter the meeting ID. The meeting ID for this hearing is **161 414 7941**. No password required.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.

*/s/David K. Welch*

**DEBTORS' COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
dwelch@burkelaw.com
Brian P. Welch, Esq. (Atty. No. 6307292)
bwelch@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100, Chicago, Illinois 60611
Tel: (312) 840-7000 - - Fax: (312) 840-7900

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 26-4966 |
| IGOR TOVSTANOVSKY and | ) | Chapter 11 |
| YELENA TOVSTANOVSKY, | ) | Hon. Daniel R. Fine |
| | ) | |
| *Debtors/Debtors-in-Possession.* | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing **Notice of Hearing** and attached **Objection to Allowance of Claim Filed by Ford Motor Credit Company, LLC** to be served on all the parties listed on the attached service list via the Court's Electronic Filing System (ECF) to all entitled to receive such notice, and via U.S. Regular Mail (where indicated), properly addressed, postage prepaid, on the 16th day of July 2026.

*/s/David K. Welch*

**DEBTORS' COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
dwelch@burkelaw.com
Brian P. Welch, Esq. (Atty. No. 6307292)
bwelch@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100, Chicago, Illinois 60611
Tel: (312) 840-7000 - - Fax: (312) 840-7900

**SERVICE LIST**

Office of the U. S. Trustee, Region 11
219 South Dearborn, Room 873
Chicago, IL 60604
***Via ECF***

Janice H Seyedin
Janice Seyedin & Associates
1866 Sheridan Rd., Ste 304
Highland Park, IL 60035
***Via ECF***

Bradley R. Kruse
Dickinson, Bradshaw, Fowler & Hagen, P.C.
801 Grand Ave., Suite 3700
Des Moines, Iowa 50309
***Via ECF***

John T. Coghlan
Kuta Rock LLP
2405 Grand Blvd., Suite 600
Kansas City, MO 64108
***Via ECF***

Joy Pinta
Jacobs & Pinta
77 West Washington St., Suite 1005
Chicago, IL 60602
***Via ECF***

Konstantine Sparagis
Law Offices of Konstantine Sparagis, P.C.
900 W. Jackson Blvd., Ste 4E
Chicago, IL 60607
***Via ECF***

Alyssa Russell, Esq.
Angela Z. Miller, Esq.
Craig A. Leslie, Esq.
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, NY 14203-2887
***Via ECF***

Justin M. Nichols
Kutak Rock LLP
2405 Grand Blvd., Suite 600
Kansas City, MO 64108
***Via ECF***

David Alexander Darcy, Esq.
Briley Vansadia, Esq.
Darcy & Devassy PC
444 N. Michigan Ave., Suite 3270
Chicago, IL 60611
***Via ECF***

Ford Motor Credit Company
9930 Federal Drive
Colorado Springs, Colorado 80921
Attn: Brad Lavene, Operating Mgr.
***Via U.S. Mail***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | No. 26-04966 |
| IGOR TOVSTANOVSKY and | ) | Chapter 11 |
| YELENA TOVSTANOVSKY, | ) | Hon. Daniel R. Fine |
| | ) | |
| *Debtors/Debtors-in-Possession*. | ) | |
| | ) | |

**OBJECTION TO ALLOWANCE OF CLAIM
FILED BY FORD MOTOR CREDIT COMPANY, LLC**

IGOR TOVSTANOVSKY and YELENA TOVSTANOVSKY, Debtors/Debtors-in-Possession (the "Debtors"), by and through their attorneys, pursuant to sections 501 and 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure, hereby make the following Objection (the "Claim Objection") to claim no. 5-1 filed by Ford Motor Credit Company, LLC ("FMC"), stating as follows:

**INTRODUCTION**

1. On March 20, 2026, the Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtors have elected to proceed as Debtors under Subchapter V of the Bankruptcy Code (the "Case").

2. The Debtors are managing their financial affairs as Debtors in Possession. A subchapter V trustee has been appointed to serve in this Chapter 11 case.

3. By this Claim Objection, the Debtors seek the entry of an Order disallowing claim no. 5-1 filed by FMC (the "FMC Claim") on the basis set forth below.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5. The statutory predicates for the relief requested in this Claim Objection are sections 501 and 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

## GENERAL BACKGROUND

6. The Debtors are two (2) of the owners of two (2) automobile dealerships in the Cedar Rapids, Iowa area named Sky Auto Mall and Sky Chevrolet (the "Dealerships"). In conjunction with the financing of the Dealerships, the Debtors' guaranteed millions of dollars worth of corporate obligations owed primarily by the Dealerships.[1]

7. The Debtors were not involved in the day-to-day management and operation of the Dealerships and had no responsibilities with respect to any of the financial matters relating to the Dealerships.

8. Shortly before the filing of this Case, the Dealerships' businesses failed thereby causing the Dealerships' business operations to cease. As a result, the Debtors lost their ability to earn income as employees of the Dealerships. Moreover, each of the obligations of the Dealerships for which the Debtors executed personal guarantees could likely fall into default.

9. In order to protect their assets and to provide them with the opportunity to propose an orderly plan for the payment of their liabilities, the Debtors commenced this Case.

10. On February 20, 2026, for the first time, the Dealerships and Alex became aware of a "floor-planning" issue with Stellantis Financial Services, Inc. ("Stellantis"). Specifically, at approximately 1:00 p.m. – CST on February 20, 2026, Stellantis notified Alex that the Dealerships had 81 vehicles "double-floored" between FMC and Stellantis to the extent of approximately $3.6 million between both floor plan lenders. This was the first notice of any kind by anyone to the

[1] Alex Tovstanovsky ("Alex") is the son of the Debtors, is also an owner of the Dealerships and also executed personal guarantees of corporate obligations owed by the Dealerships. Alex has filed his own Chapter 11 case which is also pending in this Court, case number 26-04963 (the "Alex Case").

Dealerships and Alex that there was any issue relating to the floor plan financing. The Debtors had no notice of the double floor-planning issue until informed by Alex after February 20, 2026. Notably, Stellantis and FMC conduct regular floor plan audits, none of which apparently disclosed any issues with the financing before February 20, 2026.

11. On the same day, Alex contacted the Dealerships' FMC representative, Nathan Courtney, to notify FMC about what Stellantis had stated with respect to the double-floorplanning. The Dealerships and Alex immediately decided to work with Stellantis and FMC to discover the facts relating to the double floorplanning and to fully cooperate with FMC and Stellantis to achieve an acceptable resolution. In response to Alex' email, Mr. Courtney responded by email that there were floorplanned vehicles with a current payoff balance of $6,413,089.02.

12. Mr. Courtney arrived at the Dealerships on the evening of February 24, 2026, at which time he requested and was provided with all keys and titles to all floor-planned vehicles with FMC which he agreed to return the following morning. Also, on February 23, 2026, Andrew Pride of FMC emailed voluntary surrender forms and related documents to the Dealerships and Alex.

13. Upon his return to the Dealerships, Mr. Courtney advised Alex that FMC would not return any of the keys or titles (including keys to vehicles owned by the Dealerships which were not floor-planned). The keys and titles for these vehicles have been in the exclusive possession of FMC since February 24, 2026, despite the original request of the Dealerships for a return of these items.

14. FMC proceeded to take possession of the Dealerships' premises, their books and records, vehicle inventory (both new and used), parts inventory and other assets to the exclusion of Alex and the Dealerships. FMC staff, without prior authorization, began collecting all

Dealership mail, interacting and interviewing dealership employees, securing the premises, placing on-site security at the premises and exerting total control over the Dealerships' businesses and assets.

15. On February 26, 2026, Alex, on behalf of the Dealerships, presented a work-out plan and supporting cash flow budget which established the Dealerships ability to cure the floor-plan financing defaults through continued operations of the Dealerships' businesses with oversight by FMC and Stellantis. FMC rejected this proposal and sent a new demand letter on February 27, 2026, asserting a claim of $6,644,232.94. With this rejection for a work-out, the Dealerships and Alex continued to cooperate with FMC and Stellantis by, among other things, permitting FMC and Stellantis to retain their collateral and to occupy the business premises so as to allow them to liquidate and pay their respective claims. Since the turnover of the keys and titles to FMC and Stellantis, the Dealerships, Alex and the Debtors have not received any notice of an auction of vehicles or a report of sales from either FMC or Stellantis.

16. On March 2, 2026, Stellantis filed a replevin action in the Iowa State Court against the Dealerships, Alex and the Debtors, none of whom defended against such replevin action. Similarly, on March 5, 2026, FMC filed a replevin action against the Dealerships in the Iowa State Court. The Dealerships also did not defend against this replevin action. Both FMC and Stellantis obtained replevin orders in their respective replevin action in March 2026. Since the entry of the replevin orders, the Dealerships, Alex and the Debtors have not received any notice of an auction of vehicles or a report of any sale of vehicles from FMC and Stellantis.

17. Shortly after relinquishing the keys and titles to the vehicles that served as collateral to both FMC and Stellantis, Alex, on behalf of the Dealerships, conducted an analysis of the value of the vehicles that served as collateral to both FMC and Stellantis. This analysis was

based on a review of the fair market value for each vehicle as published by the "Kelly Blue Book." The result of this analysis establishes that the aggregate value for the vehicles turned over to both FMC and Stellantis in payment of their respective claims was more than sufficient to pay off such claims. As to FMC, this valuation analysis establishes that the total value of new and used cars surrendered to FMC was $7,402,196.00. As to Stellantis, this valuation analysis establishes that the total value of new and used cars surrendered to Stellantis was $13,082,380.00. Copies of each valuation analysis done by Alex on behalf of the Dealerships are attached as **Exhibits A and B** to this Claim Objection.

## THE FMC CLAIM

18. On March 25, 2026, this Court entered an Order establishing May 29, 2026, as the bar date for the filing of claims in this Chapter 11 case.

19. On April 24, 2026, FMC filed the FMC Claim asserting an unsecured claim against Yelena in the amount of $6,422,586.73 emanating from her guaranty of the debt owed by the Dealerships. A copy of the FMC Claim is attached to this Claim Objection as **Exhibit C**.

20. The Debtors scheduled the FMC Claim as a disputed, contingent and unliquidated unsecured claim against Yelena Tovstanovsky.

21. The FMC Claim does not acknowledge and provide any credit for the value of the vehicles turned over to FMC by the Dealerships before the filing of this Case. In the FMC Claim, FMC asserts that the amount of the claim ". . . reflects the post-petition receipt by FMC Credit of net liquidation proceeds of its collateral . . .". However, FMC discloses none of the details as to the alleged liquidation of any of the vehicles. The valuation analyses (Exhibits A and B) establish that FMC has no claim against the Debtors. In fact, based upon these valuation analyses, FMC

must account for hundreds of thousands of dollars in "equity" owed to the Dealerships on account of the value of the surrendered vehicles.

**OBJECTION TO THE FMC CLAIM**

22. Pursuant to section 502(b)(1) of the Bankruptcy Code, a creditor's claim is allowable except to the extent that the claim "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured". 11 U.S.C. § 502(b)(1).

23. The Dealerships paid the entire indebtedness due to FMC by surrendering the vehicle collateral to FMC prior to the Petition Date. Keys, titles and possession of the vehicles were unconditionally surrendered to FMC by the Dealerships in payment of the underlying indebtedness. FMC has failed to account for the value of the surrendered vehicles in the FMC Claim.

24. Based upon the valuation analyses attached as Exhibits A and B to this Objection, no amount of money is due and owing to FMC.

25. FMC has not accounted for the value of the surrendered vehicles in the FMC Claim.

**CONCLUSION**

26. For the reasons set forth above, the FMC Claim should be disallowed in its entirety.

WHEREFORE, IGOR TOVSTANOVSKY and YELENA TOVSTANOVSKY, Debtors/Debtors-in-Possession respectfully requests the entry of an Order: (i) disallowing the FMC Claim in its entirety; and (ii) granting such other and further relief as this Court deems appropriate under the circumstances.

IGOR TOVSTANOVSKY and YELENA TOVSTANOVSKY,

*Debtors/Debtors-in-Possession*

By:*/s/ David K. Welch*
One of Their Attorneys

**DEBTORS' COUNSEL:**
David K. Welch, Esq. (Atty. No. 06183621)
dwelch@burkelaw.com
Brian P. Welch, Esq. (Atty. No. 06307292)
bwelch@burkelaw.com
Madelein J. Coate, Esq. (Atty No. 6345291)
mcoate@burkelaw.com
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 N. Wabash Ave., Suite 2100, Chicago, Illinois 60611
Tel: 312.840.7000 -- Fax: 312.840.7900